CITY FINANCE, INC. *vs.* ROSA C. PETTERUTI.

MARCH 6, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is an action of the case in assumpsit against the defendant Augustus Della Ventura as maker and the defendant Rosa C. Petteruti as accommodation co-maker of a certain promissory note, the plaintiff being the payee thereof. After a hearing before a justice of the superior court, sitting without a jury, a decision was rendered for the defendant on the ground of usury. The case is before us on the plaintiff's exceptions to such decision and to the trial justice's denial of its motion for a new trial.

The declaration is in two counts. The first count is based on a promissory note for $1,000 plus interest according to the terms specified therein. The second count is based on the common counts. The ad damnum alleged in the writ and declaration is $2,000. The defendant Augustus Della Ventura did not enter an appearance and he made no defense to the instant action. The defendant Rosa C. Petteruti filed an answer which consisted of a plea of the general issue and a special plea of usury.

At the hearing in the superior court plaintiff introduced the note and a record card showing the payments made. The note was dated March 8, 1955 and was for $1,000. It

bore the signatures of the defendants and provided for payments in successive monthly installments with interest at the rate of 2½ per cent per month on the unpaid principal balance, the first payment being payable on April 11, 1955, together with a final installment covering any unpaid balance including interest. It appears from plaintiff's exhibit B that from the date of the note until April 26, 1956, the date of the writ, five separate payments had been made totaling $100 and that said payments had been credited by plaintiff on its records to interest.

The only witness called by plaintiff was its bookkeeper, Wilhelmina H. McVey. She testified in substance that no money had been paid on the principal; that the amount due plaintiff on the date of the writ was $1,000 plus $638.18 interest from the date of the note to April 26, 1956; and that defendant Rosa Petteruti had been told by plaintiff that the note was in default.

Upon this state of the record plaintiff rested its case, whereupon defendant's motion for a directed verdict was granted by the trial justice. Although the parties have treated the action of the trial justice as a decision by him granting a motion for a directed verdict, it is clear that, since the case was tried without a jury, it was in fact a decision on the merits of the question of law raised by the motion and we shall, therefore, consider it as such. Under its bill of exceptions plaintiff contends that the decision of the trial justice was erroneous.

The undisputed evidence is that plaintiff is claiming interest in the sum of $638.18 from the date of the note to April 26, 1956, a period of 13 months and 18 days, on a loan of $1,000. This is in addition to the interest of $100 previously paid to plaintiff according to its own records. On this record it is clear that the amount of interest charged by plaintiff on the loan in question exceeds the legal maximum limit established by statute and therefore the note is unenforceable. General laws 1938, chapter 149; G. L. 1938,

chap. 485. The trial justice correctly decided for the defendant on the ground of illegality. *Colonial Plan Co.* v. *Tartaglione,* 50 R. I. 342; *Nazarian* v. *Lincoln Finance Corp.,* 77 R. I. 497, 505. The first exception is overruled.

The plaintiff's second exception is based on the denial of its motion for a new trial on the ground of newly discovered evidence. Assuming that such motion was procedurally proper in form we do not believe that the facts stated in the affidavits accompanying such motion were material to the issue of usurious interest or that the alleged newly discovered evidence would be likely to change the decision of the trial justice. See *Zoglio* v. *T. W. Waterman Co.,* 39 R. I. 396, 401. Although the note in question was legal on its face, it is clear that the newly discovered evidence set forth in such affidavits would not have affected the issue of usurious interest upon which the decision of the trial justice was based and would not, therefore, constitute a sufficient ground for a new trial. The trial justice therefore did not err in denying such motion. This exception is overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*Vincent P. Marcaccio, Jr.,* for plaintiff.

*John P. Bourcier,* for defendant.